GOODMAN S. GOODMAN and others *v.* A. BRANDICE JAMES.

Where a party wishes to obtain an execution on a judgment rendered in another State, he must produce a record attested in the mode pointed out in that part of the Code of Practice regulating executory process. A transcript certified by the clerk of the court, sealed with the seal of the court, and authenticated by the signature of the Governor and the great seal of the State, is insufficient. It should have been accompanied by a certificate from the judge, chief justice, or presiding magistrate, declaring that the attestation of the clerk was in due form.

APPEAL from the Commercial Court of New Orleans, *Maurian,* J. presiding.

MARTIN, J. The defendant is appellant from an order allowing an execution on a transcript of a judgment obtained in the State of Mississippi, and his counsel urges that the judge below erred in ordering executory process to be issued, the transcript not having been certified in the manner required by the article 752 of the Code of Practice, which requires a certificate in the form prescribed by the law of Congress. This article declares that "judgments rendered in the different courts of the United States shall import full proof in the courts of this State, if the copy which is offered be certified by the clerk of the court in which they are rendered, be sealed with its seal, if there be one, and clothed with the certificate of the judge, chief justice, or magistrate who presides in the court, as the case may be, declaring that the attestation is made in due form."

In the present case, the transcript is attested by the seal of the court in which it was rendered, and the signature of its clerk, which is authenticated by that of the Governor and the great seal of the State of Mississippi.* The counsel for the plaintiffs and ap-

---

* The certificates appended to the record in this case, are in the following words :

"State of Mississippi, Hinds County. In testimony that the preceding four pages contain a copy of the record of the case therein stated as the same remains in the office of said court, I, Amos B. Johnston, clerk thereof, hereunto put my name and the seal of said court, the 4th day of August, A. D. 1841.

[SEAL.]                                    "A. B. JOHNSTON, Clerk."

pellees has contended that before the provisions of the law of Congress and the Code of Practice, the record of a judgment rendered in another State, attested by its seal, and the signature of its clerk, authenticated by that of the Governor and the great seal of the State, made full proof of its contents, and that neither the act of Congress nor any law of this State necessarily require, though they admit, any other mode of proof. He has relied on the case of *Ellmore* v. *Mills,* 1 Haywood, 359. The court *arguendo* said, " that the act of Congress is only affirmative, and does not abolish such modes of authentication as were used before it passed." This case is not exactly in point. The instrument offered in evidence made no part of the record of a court. It was the *registered* copy of a deed disposing of certain slaves. The registry of deeds is not an act of the court, though the ordering a deed to be registered may be. The act of Congress and our Code require the action of the presiding judge of the court in the attestation of its records.

: We wish not to be understood as expressing any opinion in general cases as to the mode of attesting records ; but we are of opinion that when a suitor seeks the immediate execution of the judgment of a court of a sister State, he should produce a record attested in the mode stated in that part of the Code of Practice which regulates executory process.

- It is, therefore, ordered, that the judgment of the court discharging the rule which the defendant had obtained on the plaintiffs, to show cause why the executory process issued in this case should

---

" By Alexander G. McNutt, Governor of the State of Mississippi. To all who shall see these presents, Greeting : Be it known that Amos B. Johnston, whose name is subscribed to the annexed certificate, was on the 4th day of August, A. D. 1841, clerk of the Circuit Court in and for Hinds County, in the State of Mississippi ; that his attestation to the annexed certificate is in due form of law, and made by the proper officer; and that full faith and credit are due to all his official acts. In testimony whereof, I have caused the great seal of the State to be hereunto affixed. Given under my hand, at the city of Jackson, this 18th day of August, A. D. 1841.

[SEAL.] " A. G. McNUTT.

" By the Governor,

" THOMAS B. WOODWARD, Secretary of State."

not be set aside, be reversed; and that ours be that the rule be made absolute, with costs in both courts.*

*Benjamin,* for the plaintiffs.

*J. Claiborne,* for the appellant.

---

* *Benjamin,* for a re-hearing. Greenleaf, on Evidence, p. 537, § 489, declares " that the act of Congress respecting the exemplification of public office books, *is not understood to exclude* any other mode of exemplification which the courts may deem it proper to admit." At p. 549, § 505, speaking of the act of Congress relative to *judicial records,* he says, that " it seems to be generally agreed that the method of authentication *is not exclusive* of any other which the States may think proper to adopt." An exemplification under the *great seal* of the State, is of itself, *a record of the greatest validity.* The object of the acts of Congress was to place the records from other States of the Union on a more favored footing than those from other countries. The transcript in the present case would be admitted in any court in Europe. Article 746 of the Code of Practice provides, that executory process *shall issue* in favor of a creditor who has a judgment having the force of *res judicata* from a sister State. In this case, the judgment *was confessed* in Mississippi. Article 752 of the Code of Practice, is a mere reprint of the act of Congress. It declares that " the judgment *shall import full proof,*" if the copy be certified in a particular way. But it does not exclude better and higher proof. If the act of Congress does not exclude the higher proof, the Code of Practice does not; their language is the same.

*Re-hearing refused.*